IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNIT MANAGER MOORE, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 5:22-cv-32 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendants Danforth, Stone, and Gay. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's retaliation claim against Defendant Moore.

### PLAINTIFF'S CLAIMS[1]

Plaintiff is a prisoner currently incarcerated at Coffee Correctional Facility ("CCF") in Nicholls, Georgia. Doc. 1 at 2. Plaintiff states Defendant Moore verbally threatened him with harm after Plaintiff requested a lock to secure his property. Id. at 3. Plaintiff filed a grievance and a request for protective custody. Id. Plaintiff was not provided protective custody. Id. The next month, Plaintiff asserts he was told he was going to be moved to Unit 5-V, where CCF

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

houses violent offenders. Id. at 3–4. Plaintiff asserts Defendant Moore spearheaded this decision in retaliation for his grievance and request for protective custody. Id. at 4. Plaintiff refused to go and has since been placed in segregation. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to Defendants Danforth, Stone, and Gay, Plaintiff fails to describe how they were involved in the decision to send him to Unit 5-V after he filed his grievance against Defendant Moore. Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Danforth, Stone, and Gay.

To the extent Plaintiff seeks to hold Defendants Danforth, Stone, and Gay liable for the acts of their subordinates without alleging any personal involvement, his claim also fails. Plaintiff states Defendants Danforth, Stone, and Gay are "legally responsible" for the welfare of the inmates at CCF. Doc. 1 at 2. Plaintiff further asserts Defendant Gay is "responsible for the actions of the unit managers" and Defendant Danforth is "responsible for the operation of Coffee Correctional Facility." Id. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged

Defendants Danforth, Stone, and Gay participated in the events forming the basis of any of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Danforth, Stone, and Gay violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Danforth, Stone, and Gay and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to Defendants Danforth, Stone, and Gay. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Danforth, Stone, and Gay.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendants Danforth, Stone, and Gay. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct

service of the following claims by separate Order: Plaintiff's retaliation claim against Defendant Moore.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of October, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA